## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASYLUM SEEKER ADVOCACY PROJECT,<br><br>　　　Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *an agency within the U.S. Department of Homeland Security*,<br><br>　　　Defendant. | **Case No. 1:25-cv-6065**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT** |

### INTRODUCTION

1.　　Since January 20, 2025, the U.S. Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") have implemented significant changes to immigration enforcement policies, including those that expand the use of expedited removal, a process through which DHS can summarily remove certain noncitizens with limited procedural protections.  At the same time, USCIS has begun dismissing long-pending asylum applications, and in some cases then placing asylum seekers in expedited removal.  These changes have altered longstanding practices and reduced procedural protections, yet USCIS has not proactively disclosed these policies regarding placing noncitizens in expedited removal or dismissing affirmative asylum applications to the public as required by the Freedom of Information Act ("FOIA").  Instead, information about these policies has emerged only through litigation, accounts from impacted noncitizens or their attorneys, or limited media reports.  The absence of timely disclosure is particularly harmful because it leaves hundreds of thousands of asylum seekers uncertain about their status and rights.  They do not know whether or why their long-

pending asylum cases will be dismissed; whether they may, or soon will, be placed into expedited removal; whether they can reclaim their position in the yearslong queue for adjudicating their asylum claims; whether USCIS will attempt to claw back their employment authorization that is tied to their pending asylum applications; or whether they will have a meaningful opportunity to challenge removal to countries where their safety or lives may be at risk.  This widespread uncertainty generates fear and prevents individuals from taking steps to protect their rights.  While challenging asylum dismissals themselves is possible under the Administrative Procedure Act ("APA") and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a)(1),[1] the INA imposes a strict 60-day time limit for bringing systemic challenges to expedited removal policies, 8 U.S.C. § 1252(e)(3)(B).  Lack of public access to USCIS's expedited removal policies—particularly when juxtaposed with the 60-day deadline for systemic legal challenges to those policies—effectively creates "secret (agency) law," precisely what Congress sought to prevent through the FOIA's proactive disclosure provision.  *See New York Legal Assistance Grp. v. Bd. of Immigr. Appeals*, 987 F.3d 207, 223 (2d Cir. 2021) ("The [proactive disclosure] portion of the Act . . . represents a strong congressional aversion to secret (agency) law." (quoting *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975) (internal quotation marks omitted)).  Without timely disclosure or equitable tolling, the 60-day window may close before the public even knows what expedited removal policies are in force or how they are being applied.

2.     This is an action under FOIA, 5 U.S.C. § 552 *et seq.*, seeking to compel USCIS to expeditiously process Plaintiff Asylum Seeker Advocacy Project's ("ASAP") three FOIA

---

[1] *See, e.g.*, Order Granting in Part Motion for Temporary Restraining Order, *E-C-R v. Noem*, No. 25-cv-01230 (D. Or. July 16, 2025), ECF No. 9 (in APA and INA lawsuit brought by affirmative asylum applicant after USCIS dismissed her affirmative asylum claim, court ordered that the asylum applicant shall "not be arrested nor placed in immigration detention or deported" pending briefing on her motion for a preliminary injunction).

requests to USCIS related to expedited removal and USCIS's dismissal policies: one for a May 3, 2025 memorandum from DHS to USCIS that reportedly delegates expedited removal authority to USCIS ("ER Delegation Memo FOIA Request"); one for USCIS's expedited removal policies since May 1, 2025 ("ER Policies FOIA Request"); and one for records related to USCIS's implementation of its dismissal policies, including adjacent policies related to implementation of USCIS's purported authority to place noncitizens into expedited removal ("Dismissals & ER Implementation FOIA Request") (together, "the FOIA Requests").  *See* Exhibits 1–3 (FOIA Requests as-filed).  This action also challenges USCIS's failure to disclose records responsive to the ER Delegation Memo FOIA Request and failure to proactively disclose policies and staff instructions[2] impacting asylum seekers.  Systemic challenges to expedited removal policies are subject to a 60-day jurisdictional time limit, 8 U.S.C. § 1252(e)(3)(B).  *See* Exhibit 4 (screenshot of USCIS electronic reading room confirming it has not published its expedited removal policies as of July 23, 2025).  USCIS is required under section 552(a)(2) of the FOIA to proactively disclose its policies and staff instructions; USCIS's repeated failure to do so has impaired and will continue to impair ASAP members', and the public's, lawful access to information and in particular the ability to mount systemic challenges to expedited removal policies going forward.

3.      Given that it is critical to understand immediately the effect of USCIS's purported expedited removal authority and asylum dismissals practice on the lives of hundreds of thousands of asylum seekers in the United States, ASAP seeks an order compelling USCIS to expeditiously process its FOIA Requests, promptly produce non-exempt requested records, and immediately publish both its expedited removal policies and dismissal policies as required by

---

[2] This Complaint uses "policies and staff instructions" as shorthand to refer to FOIA's requirement that USCIS proactively disclose "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register," 5 U.S.C. § 552(a)(2)(B), and "administrative staff manuals and instructions to staff that affect a member of the public," *id.* § 552(a)(2)(C).

FOIA's affirmative disclosure provision, 5 U.S.C. § 552(a)(2).  ASAP also seeks a declaratory judgment that each day that USCIS fails to proactively disclose its policies and staff instructions related to expedited removal shall equitably toll by one day the 60-day deadline to challenge such policies in 8 U.S.C. § 1252(e)(3)(B) to avoid serious due process concerns.

4.    On June 18, 2025, ASAP submitted the first FOIA Request at issue in this Complaint, which sought expedited processing.  *See* Ex. 1 (ER Delegation Memo FOIA Request).  On July 10, 2025, ASAP submitted the second and third FOIA Requests, both of which also sought expedited processing.  *See* Ex. 2 (ER Policies FOIA Request); Ex. 3 (Dismissals & ER Implementation FOIA Request).  ASAP's three FOIA Requests demonstrated that ASAP satisfied three independent "compelling need" grounds for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and the applicable USCIS FOIA regulation, 6 C.F.R. § 5.5(e)(1).  Despite this showing, USCIS failed to even acknowledge the FOIA Requests, nor provide a determination on ASAP's requests for expedited processing within the 10 calendar days required by statute.  *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I).

5.    There is robust public interest, discussion, and debate about this Administration's controversial use of multiple immigration policies in tandem to effectuate high deportation numbers, and the lack of transparency around its immigration policies generally.  Upon information and belief, USCIS is currently dismissing affirmative asylum seekers' applications, and then routing some of those individuals into expedited removal under a separate policy or policies.  With every day that passes, thousands of directly impacted people go without critical information about their immigration cases and ability to remain in the United States, such as why their affirmative asylum applications were summarily terminated without notice, whether they can re-gain their place in the long adjudication queue, whether USCIS will take the position that

they may not continue working with their employment authorization tied to their pending asylum

claim, or whether they may be summarily placed into expedited removal and removed from the

country they call home.  Moreover, while USCIS's expedited removal policies remain hidden

from the public, and absent equitable tolling, impacted people and immigration attorneys may

lose the ability to bring systemic challenges to these policies.  *See* 8 U.S.C. § 1252(e)(3)(B)

(requiring that any systemic challenge to expedited removal be filed "**no later than 60 days** after

the date the challenged section, regulation, directive, guideline, or procedure . . . is first

implemented" (emphasis added)).

6.    For these reasons, ASAP brings this action to compel USCIS to expeditiously

process its FOIA Requests, promptly disclose non-exempt requested records, and comply with

FOIA's requirement to proactively disclose existing and future written policies and staff

instructions governing USCIS's use of expedited removal or its dismissals of asylum

applications.  ASAP also seeks a declaratory judgment that each day of delay in USCIS's

disclosure of policies and staff instructions related to expedited removal tolls by one day the 60-

day deadline in 8 U.S.C. § 1252(e)(3)(B) to avoid serious due process concerns.

## JURISDICTION AND VENUE

7.    This court has subject-matter jurisdiction over Plaintiff's claims under 5 U.S.C.

§ 552 *et seq.* (FOIA statute) and 28 U.S.C. § 1331 (federal question).  The "FOIA imposes no

limits on courts' equitable powers in enforcing its terms."  *Ctr. for the Study of Servs. v. U.S.

Dep't of Health & Hum. Servs*., 874 F.3d 287, 291 (D.C. Cir. 2017) (internal quotation marks

omitted).  This Court also has authority to grant declaratory relief pursuant to 28 U.S.C.

§§ 2201–2202 (Declaratory Judgment Act).

8.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(6)(E)(iii) to review an agency's denial of an expedited processing request.  *See also* 6 C.F.R § 5.8(e) (FOIA requestor need not first file an administrative appeal of an adverse determination of a request for expedited processing prior to seeking court review).  This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) to review and enjoin an agency's improper withholding of agency records.

9.      Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because this is a civil action in which Defendant USCIS is a federal agency, there is no real property involved in this action, and Plaintiff ASAP has its principal place of business in this District.

10.     ASAP filed its FOIA Requests with requests for expedited processing on June 18, 2025 and July 10, 2025.  USCIS was required to respond to ASAP's expedited processing requests within 10 calendar days by statute—or by June 28, 2025 and July 20, 2025, respectively.  5 U.S.C. § 552(a)(6)(E)(ii)(I).  As of the date of filing this complaint, USCIS has not acknowledged the FOIA Requests nor responded to ASAP's requests for expedited processing; USCIS has therefore constructively denied expedited processing of all three FOIA Requests.

## PARTIES

11.     Plaintiff ASAP is a national membership organization that works alongside its members—asylum seekers from 175 countries—to build a more welcoming United States by, among other things, frequently communicating with members about changes in the immigration system.  ASAP is a nonprofit organization headquartered in New York, New York.  ASAP's members do not pay any fees or costs for their membership.

12.    ASAP regularly disseminates information and legal resources to its membership. ASAP supports members as they navigate the immigration system—through breaking news alerts and detailed resources on its website, https://asaptogether.org, as well as through member-wide updates via email and text messages, and informational YouTube videos, which are collectively accessed millions of times per year.

13.    As part of its work creating and frequently updating public legal resources for its members to help them navigate the immigration system and understand the current state of federal immigration law and policy, ASAP has provided information regarding USCIS's purported practice of dismissing affirmative asylum cases and placing or noting that the asylum seeker is in expedited removal.[3]

14.    ASAP frequently works with national print and news media outlets to highlight issues impacting asylum seekers, including breaking news on the very issue of USCIS's recent policies of dismissing affirmative asylum applications and routing noncitizens into expedited removal to "fast-track deportations."  *See* Priscilla Alvarez, *Exclusive: New Trump administration plan could end asylum claims and speed deportations for hundreds of thousands of migrants*, CNN (June 25, 2025), https://www.cnn.com/2025/06/25/politics/migrants-asylum-claims-deportations (quoting ASAP's co-executive director).  Indeed, ASAP's work and its members have repeatedly been featured in prominent media outlets including The Washington Post, The New York Times, The Wall Street Journal, USA Today, CBS News, The Atlantic, Telemundo, Univision, The Hill, Associated Press, ABC News, and The Guardian, among

---

[3] *See, e.g.*, ASAP, *Sample Letter Dismissing USCIS Asylum Case* (July 8, 2025), https://asaptogether.org/en/uscis-dismissal/ ("**USCIS has started to dismiss some asylum cases** . . . . We are trying to understand who is receiving them, what USCIS's policy is, and what options people may have. We will update this page as we learn more. . . . The letter says you are in a process called 'expedited removal.'" (emphasis added)).

others.[4]  As stated in its FOIA Requests, ASAP plans to share information received in response to the FOIA Requests with its membership and the public through interested media.

15.     When members join ASAP, ASAP asks them, "What is one thing you would change about the asylum process?"  According to more than 100,000 asylum seekers from more than 175 countries around the world, one of their top five priorities is to increase the accessibility and transparency of the asylum system.  *See* ASAP, *5 Ways to Change the Asylum Process* (July 9, 2025), https://asaptogether.org/en/5-ways-to-change-the-asylum-process/.  ASAP files this complaint in line with ASAP members' prioritization of increasing accessibility and transparency in the asylum system.

16.     Defendant USCIS is a component agency of the DHS and is the federal agency primarily responsible for receiving, adjudicating, and setting priorities for the adjudication of affirmative asylum applications and, upon information and belief, has been delegated the authority to conduct expedited removal by DHS in a yet-undisclosed memorandum (*see* Ex. 1, ER Delegation Memo FOIA Request).  USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and has custody and control over the records ASAP seeks.

---

[4] *See, e.g.*, Astrid Galván, Monica Eng, & Steph Solis, *False rumors of ICE raids spark panic in cities around U.S.*, Axios (Jan. 30, 2025), https://www.axios.com/2025/01/30/immigration-raids-misinformation-trump (quoting ASAP's co-executive director); Rafael Bernal, *Mayors ask DHS to extend migrant work permits*, The Hill (Feb. 12, 2024), https://thehill.com/latino/4463771-mayors-dhs-migrant-work-permits/ (quoting an ASAP member); Julia Preston, *'No words for the anxiety': migrants desperate for jobs trapped in US asylum maze*, The Guardian (Sept. 10, 2023), https://www.theguardian.com/us-news/2023/sep/10/us-immigration-work-permits-asylum-maze; Michelle Hackman, *Immigrants to Get Extension for Expiring or Expired U.S. Work Permits*, The Wall St. J. (May 3, 2022), https://www.wsj.com/articles/immigrants-to-get-extension-for-expiring-or-expired-u-s-work-permits-11651579201.

## FACTUAL ALLEGATIONS

I.    **USCIS's Policies Around Expedited Removal and Affirmative Asylum Terminations and Their Impacts**

17.    Upon information and belief, on or around May 3, 2025, DHS Secretary Kristi Noem purported to delegate authority to USCIS to place noncitizens into expedited removal, a "fast-track deportation proceeding[]," that allows officials to summarily remove certain noncitizens from the United States without a full opportunity to present their asylum claims, *see* 8 U.S.C. § 1225(b)(1)(A).  *See also* Ex. 1 (ER Delegation Memo FOIA Request); Ex. 2 at 8–11 (ER Policies FOIA Request).  Separately, upon information and belief, USCIS has started dismissing certain pending affirmative asylum applications, and in some cases then routing noncitizens whose cases were dismissed into expedited removal.  Ex. 2 at 8–11; *see also* Ex. 5 (Redacted USCIS Notice of Dismissal of Form I-589).

18.    News reports indicate that the federal government plans to use multiple distinct policies in tandem to maximize immigration arrests,[5] including USCIS's reported plans to dismiss asylum claims for potentially "hundreds of thousands of migrants" in the United States and then make them "immediately deportable."  Ex. 2 at 8.  Here, USCIS appears to be implementing, in tandem, separate policies around expedited removal and asylum dismissals.

19.    To ASAP's knowledge and as of the date of filing this action, neither the DHS records purporting to delegate expedited removal authority to USCIS nor USCIS's policies

---

[5] *See, e.g.*, Alex Fitzpatrick & Kavya Beheraj, *Noncriminal ICE arrests spiked in June*, Axios (July 17, 2025), https://www.axios.com/2025/07/17/trump-ice-raids-arrests-immigration ("The spike in non-criminal ICE arrests . . . . happened just after the Trump administration told ICE to arrest at least 3,000 people daily, up from 1,000."); José Olivares, *Trump administration sets quota to arrest 3,000 people a day in anti-immigration agenda*, Axios (May 29, 2025), https://www.theguardian.com/us-news/2025/may/29/trump-ice-arrest-quota (reporting on the Administration's immigration arrests quota).

regarding termination of affirmative asylum applications or implementation of its purported authority to place people into expedited removal are public.

20.     There is intense public discussion and debate about the Administration's decision to terminate both affirmative and defensive asylum applications in order to pursue the expedited removal of certain asylum seekers from the county, many of whom have lived and worked lawfully in the United States for years.  *See id.* at 11; *see also* Laura Romero, Armando Garcia, & Mireya Villarreal, *In a new tactic, ICE is arresting migrants at immigration courts, attorneys say*, ABC News (June 4, 2025), https://abcnews.go.com/US/new-tactic-ice-arresting-migrants-immigration-courts-attorneys/story?id=122513021 (explaining that the Trump administration is using dismissals of an asylum case in immigration court to detain people and place them into expedited removal without allowing them to pursue their asylum case); Rebecca Beitsch, *ICE moves to dismiss cases in bid to fast-track deportations after courthouse arrests*, The Hill (June 8, 2025), https://thehill.com/regulation/court-battles/5337722-ice-arrests-migrants-after-dismissal; Melissa Gomez & Rachel Uranga, *Father ripped from family as agents target immigration courts, arresting people after cases dismissed*, L.A. Times (May 24, 2025), https://www.latimes.com/california/story/2025-05-24/ice-agents-swarm-immigration-courts-arresting-people-after-cases-dismissed.

21.     USCIS's undisclosed policies of summarily terminating asylum applications, in tandem with placing people into expedited removal, has created widespread fear, confusion, and uncertainty.  Directly impacted communities, and the legal assistance providers that serve them (including ASAP), are attempting to discern the current state of the already complicated immigration laws, as well as the lawfulness of the Administration's actions.  Legal service providers and impacted individuals do not have the information needed to evaluate what is going

on or how to best proceed on individual and systemic bases.  USCIS's failure to disclose the requested records has left hundreds of thousands of asylum seekers in the dark about whether and why their affirmative asylum cases will be terminated; whether they may or imminently will be placed into expedited removal; whether they can reclaim their spot in the long queue for having their asylum claim adjudicated;[6] whether USCIS will attempt to claw back their employment authorization tied to their pending asylum application; or whether they will have an adequate opportunity to challenge their removal to countries where their physical safety or lives are in danger.

22.    Additionally, without access to USCIS's policies implementing its purported authority to place people into expedited removal or dismiss asylum cases, ASAP's members, immigration attorneys who represent impacted clients, and the public at large cannot assess the impact of these policies on individual cases or on a systemic basis.

23.    ASAP has been unable to provide complete information about USCIS's policies of terminating affirmative asylum applications and placing people into expedited removal or informed guidance about the impacts to its members because the policies and related records are not available publicly.  *See* ASAP, *Sample Letter Dismissing USCIS Asylum Case* (July 8, 2025),

---

[6] USCIS is notorious for its yearslong backlog of pending affirmative asylum applications, which has been the subject of public scrutiny.  *See, e.g.*, Dep't of Homeland Sec., Office of Inspector Gen., FINAL REPORT: USCIS FACES CHALLENGES MEETING STATUTORY TIMELINES AND REDUCING ITS BACKLOG OF AFFIRMATIVE ASYLUM CLAIMS at 4 (July 3, 2024), available at: https://www.oig.dhs.gov/sites/default/files/assets/2024-07/OIG-24-36-Jul24.pdf; Citizenship and Immigr. Servs. Ombudsman, ANNUAL REPORT 2024 (June 28, 2024), available at: https://www.dhs.gov/sites/default/files/2024-07/24_0628_cisomb_2024-annual-report.pdf; USCIS, *Affirmative Asylum Interview Scheduling*, available at: https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling; USCIS Asylum Quarterly Engagement Fiscal Year 2023, Quarter 4 Presentation (Sept. 19, 2023), available at: https://www.uscis.gov/sites/default/files/document/outreach-engagements/AsylumQuarterlyEngagement-FY23Quarter4Presentation.pdf;  USCIS Asylum Quarterly Engagement and Listening Session at 7, Oct. 6, 2022, available at: https://www.uscis.gov/sites/default/files/document/outreach-engagements/Asylum-Quarterly-Engagement-Oct-6-22.pdf; Anagilmara Vilchez, *Immigration backlog has a U.S. asylum-seeker feeling like he's 'imprisoned in a country,'* NBC News (June 2, 2023), https://www.nbcnews.com/news/latino/asylum-seekers-are-limbo-years-immigration-backlog-rcna87228.

https://asaptogether.org/en/uscis-dismissal/ (noting "ASAP is still trying to learn more about [USCIS's policy of dismissing certain asylum cases].  [ASAP is] trying to understand who is receiving [dismissal letters], what USCIS's policy is, and what options people may have").

24.     Just as ASAP is unable to fully assess USCIS's policies for terminating certain asylum applications and placing people into expedited removal, impacted individuals, their families, lawyers, and/or communities are similarly left in the dark without the requested records being public.

25.     The lack of information about USCIS's policies for placing people into expedited removal and terminating asylum applications is causing and will continue to cause irreparable harm.

26.     First, upon information and belief, USCIS has begun dismissing affirmatively filed asylum applications and routing noncitizens into expedited removal based on non-public policies.  *See* Ex. 5.  If true, this practice lacks legal justification and is being carried out without notice to the noncitizen or transparency to the public.  USCIS's dismissal and expedited removal policies directly implicate the due process rights of noncitizens, particularly asylum seekers. Under these undisclosed policies, long-pending applications are dismissed without warning, and individuals may be placed into expedited removal without proper legal authority or any meaningful opportunity to be heard or present their claims.  These actions also deprive applicants of the ability to maintain their place in the yearslong asylum adjudication queue and threaten their lawful employment authorization, again without any opportunity to seek redress.[7]  The repercussions of these harms extend widely to local communities and employers as well.

---

[7] *See supra* ¶ 21 & n.6.

27.     Second, asylum seekers have fled oppressive regimes, death threats, and persecution in their home countries.  They are now afraid that their asylum applications could be (or may have already been) summarily dismissed, and they could be imminently removed to countries where their physical safety or lives are in danger, without any meaningful process.

28.     Third, with each day that USCIS's policies remain hidden from the public, it is more likely that impacted people and their attorneys will be denied a meaningful opportunity to bring a systemic challenge to any withheld expedited removal policies within the 60-day statutory time limit absent equitable tolling.  *See* 8 U.S.C. § 1252(e)(3)(B).  Federal law requires any systemic challenge to expedited removal "**be filed no later than 60 days** after the date the challenged section, regulation, directive, guideline, or procedure . . . is first implemented."  *Id.* (emphasis added).

## II.    Plaintiff's FOIA Requests and Requests for Expedited Processing

29.     Recognizing the urgency to inform its members and the public about USCIS's new policies of dismissing certain asylum cases and telling applicants that they are in expedited removal, ASAP submitted the FOIA Requests to USCIS using the online portal provided by USCIS on June 18 and July 10, 2025.  *See* Exs. 1–3 (FOIA Requests as-filed); Ex. 6 (USCIS "My Requests" Portal confirming each "Request Date").

30.     In the ER Delegation Memo FOIA Request, ASAP requested that USCIS produce "any and all memoranda or correspondence dated on or around May 3, 2025 from [DHS] Secretary Kristi Noem and/or any DHS official to any USCIS official(s) delegating authority to or authorizing USCIS officials to place noncitizens into Expedited Removal."  Ex. 1 at 1.

31.     In the ER Policies FOIA Request, ASAP requested that USCIS produce "any Agency memoranda, guidance, or other written policies reflecting USCIS's practices or

processes for pursuing Expedited Removal for noncitizens dated from May 1, 2025 through the date this request is processed." Ex. 2 at 1.

32.     In the Dismissals & ER Implementation FOIA Request, ASAP sought generally: (1) communications sent by a list of DHS and USCIS officials related to affirmative asylum terminations and expedited removal; (2) DHS memoranda or guidance purporting to delegate authority to USCIS to place noncitizens into expedited removal; (3) memoranda, policies, or lists reflecting USCIS's prioritization for terminating asylum applications and pursuing expedited removal; (4) USCIS memoranda or policies related to expedited removal; (5) USCIS memoranda or policies related to USCIS's understanding of its jurisdiction over (and ability to dismiss) affirmative asylum applications; and (6) training materials related to items 2–5 above. A complete copy of the Dismissals & ER Implementation FOIA Request is attached as Exhibit 3.

33.     ASAP's FOIA Requests explicitly requested that USCIS expedite the processing of each request pursuant to 5 U.S.C. § 552(a)(6)(E)(II) and DHS's applicable regulations, 6 C.F.R. § 5.5(e)(1). *See* Ex. 1 at 1–4; Ex. 2 at 1–4; Ex. 3 at 3–6. The FOIA Requests asked that USCIS expedite processing of the requests for three independent reasons: first, the FOIA Requests involve the "loss of substantial due process rights," 6 C.F.R § 5.5(e)(1)(iii), Ex. 1 at 3–4; Ex. 2 at 2; Ex. 3 at 3–4; second, the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual, 5 U.S.C. § 552(a)(6)(E)(v)(I), 6 C.F.R. § 5.5(e)(1)(i), Ex. 1 at 1–2; Ex. 2 at 2; Ex. 3 at 4; and third, there is "an urgency to inform the public about an actual or alleged federal government activity" for ASAP, an organization "primarily engaged in disseminating information," 5 U.S.C. § 552(a)(6)(E)(v)(II), 6 C.F.R. § 5.5(e)(1)(ii), Ex. 1 at 2–3; Ex. 2 at 3–4; Ex. 3 at 4–6. The FOIA Requests each included "a statement, certified to be true and correct, explaining in detail the

basis for making the request for expedited processing," as required by 6 C.F.R. § 5.5(e)(3).  *See* Ex. 1 at 4; Ex. 2 at 4; Ex. 3 at 6.

34.     The FOIA Requests also sought proactive disclosure of the records under 5 U.S.C. § 552(a)(2), as USCIS is obligated to affirmatively disclose all of the records requested in the ER Delegation Memo FOIA Request and the ER Policies FOIA Request, and at least some of the records requested in the Dismissals & ER Implementation FOIA Request, under the FOIA's proactive disclosure provision.  *See* 5 U.S.C. § 552(a)(2); *see also* Ex. 1 at 4; Ex. 2 at 4–5; Ex. 3 at 6.

35.     The FOIA Requests each sought a fee waiver, explaining that disclosure of the information is in the public interest and not in ASAP's commercial interest.  *See* Ex. 1 at 4–5; Ex. 2 at 5–6; Ex. 3 at 7–8.

### III.    USCIS's Failure to Respond to ASAP's FOIA Requests

36.     As of July 23, 2025, USCIS has not acknowledged receipt of the FOIA Requests, nor has it acknowledged or addressed ASAP's requests for expedited processing of the FOIA Requests.

37.     The USCIS online portal for tracking FOIA requests, https://first.uscis.gov/#/my-requests, indicates that USCIS assigned the ER Delegation Memo FOIA Request case number COW2025004459REQ; the ER Policies FOIA Request case number COW2025004892REQ, and the Dismissals & ER Implementation FOIA Request case number COW2025004893REQ.  *See* Ex. 6.

38.     As of July 23, 2025, the USCIS online portal for tracking FOIA requests states that the "Status" of the three FOIA Requests is "Submitted" and each has an "Estimated Completion Date" of "09/02/2025."  *See* Exhibits 7–9.

39.     USCIS has not produced any records to ASAP, proactively disclosed any records, or otherwise made any substantive response to the FOIA Requests.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552, Failure to Grant Request for Expedited Processing of FOIA Requests Nos. COW2025004459REQ, COW2025004892REQ, and COW2025004893REQ

40.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

41.     The FOIA provides that agencies must promulgate regulations providing for expedited processing of requests for records when the requestor "demonstrates a compelling need," 5 U.S.C. § 552(a)(6)(E)(i)(I), which means the request was "made by a person primarily engaged in disseminating information" and there is an "urgency to inform the public concerning actual or alleged Federal Government activity," *id.* § 552(a)(6)(E)(v)(II); when "a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," *id.* § 552(a)(6)(E)(v)(I); or "in other cases determined by the agency." *Id.* § 552(a)(6)(E)(i)(II).

42.     USCIS promulgated regulations for expedited processing of FOIA requests at 6 C.F.R. § 5.5(e)(1), dictating that "Requests and appeals will be processed on an expedited basis whenever the component determines that they involve: (i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information;" or "(iii) The loss of substantial due process rights[.]"

43.     In its FOIA Requests, submitted on June 18 and July 10, 2025, Nos. COW2025004459REQ, COW2025004892REQ, and COW2025004893REQ, ASAP requested expedited processing and demonstrated it independently qualifies for such treatment under three different provisions—5 U.S.C. § 552(a)(6)(E) and USCIS's implementing regulations, 6 C.F.R. § 5.5(e)(1), subparts (i), (ii), and (iii).  *See* Ex. 1 at 1–4; Ex. 2 at 1–4; Ex. 3 at 3–6.  *See also supra* ¶¶ 33–35.

44.     USCIS failed to acknowledge the FOIA Requests whatsoever, much less provide a determination on ASAP's requests for expedited processing within the 10 calendar days required by statute—which accrued on June 28, 2025 and July 20, 2025, respectively.  *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I).

45.     USCIS's failure to grant ASAP's expedited processing requests violates 5 U.S.C. § 552(a)(6)(E) and is causing widespread confusion and uncertainty, among other irreparable harms, to ASAP's members and the public.  *See supra* ¶¶ 21–28.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552(a)(3), Failure to Disclose Responsive Records as to the ER Delegation Memo FOIA Request**

46.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

47.     USCIS is obligated under the FOIA to conduct a reasonable search for and produce promptly records responsive to a FOIA request.  *See* 5 U.S.C. §§ 552(a)(3)(A), (C).

48.     USCIS has not conducted a reasonable search for or disclosed records responsive to ASAP's ER Delegation Memo FOIA Request within the 20 business days required by statute, *id.* § 552(a)(6)(A)(i), which accrued on July 18, 2025.  *See* Ex. 7.

49.     USCIS's failure to make responsive records available in response to ASAP's ER

Delegation Memo FOIA Request has no legal basis and violates FOIA.  5 U.S.C.

§§ 552(a)(3)(A), (C).

## COUNT III
### Violation of FOIA, 5 U.S.C. §§ 552(a)(2)(B)–(C), Failure to Proactively Disclose USCIS Policies and Staff Instructions Related to Asylum Dismissals and Expedited Removal

50.     All of the foregoing allegations are repeated and realleged as though fully set

forth herein.

51.     FOIA provides that agencies must affirmatively disclose "for public inspection in

an electronic format . . . those statements of policy and interpretations which have been adopted

by the agency and are not published in the Federal Register" and "administrative staff manuals

and instructions to staff that affect a member of the public."  5 U.S.C. §§ 552(a)(2)(B)–(C).

52.     USCIS's written policies reflecting the implementation of its purported authority

to place noncitizens into expedited removal or to dismiss asylum applications are "statements of

policy," and any manuals or instructions to USCIS staff detailing the circumstances and

processes for placing noncitizens into expedited removal or dismissing asylum claims are

"administrative staff manuals and instructions" that directly affect asylum seekers and other

noncitizens, who are members of the public.  *Id.*  As such, USCIS has a duty under 5 U.S.C.

§ 552(a)(2) to proactively release these records to the public.

53.     ASAP requested that USCIS proactively disclose the records subject to proactive

disclosure in response to each of its FOIA Requests.  *See* Ex. 1 at 4; Ex. 2 at 4–5; Ex. 3 at 6.

54.     As of the date of filing this Complaint, USCIS has not proactively disclosed any

of the policies or staff instructions identified in the FOIA Requests that are subject to proactive

disclosure, including all records requested in both the ER Delegation Memo FOIA Request (No.

COW2025004459REQ) and the ER Policies FOIA Request (No. COW2025004892REQ), and at least some of the records identified in the Dismissals & ER Implementation FOIA Request (No. COW2025004893REQ).  *See* Ex. 4 (Screenshot of USCIS Electronic Reading Room).

55.    USCIS's failure to proactively disclose its written policies and staff instructions related to placing noncitizens in expedited removal and its dismissal policies violates 5 U.S.C. § 552(a)(2) and undermines FOIA's core purpose.  "The [proactive disclosure] portion of the Act . . . represents a strong congressional aversion to secret (agency) law."  *New York Legal Assistance Grp. v. Bd. of Immigr. Appeals*, 987 F.3d 207, 223 (2d Cir. 2021) (quoting *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975) (internal quotation marks omitted)).

56.    USCIS's failure to proactively disclose its written policies and staff instructions related to placing noncitizens into expedited removal and dismissing asylum claims is causing and will continue to cause irreparable harms.  *See supra* ¶¶ 21–28.  These harms include a lack of needed information for impacted noncitizens, immigration lawyers, and other members of the public about USCIS's current policies, to whom and under what circumstances they are being applied, and the inability of impacted noncitizens and their lawyers to prepare or take action in their cases as a result.  Thousands of asylum seekers are facing uncertainty, fear, and anxiety that USCIS could summarily dismiss their asylum applications, that their place in the adjudication queue could be lost and their work authorization could be questioned, and that they could be imminently removed to countries where their physical safety or lives are in danger, all without any meaningful process.

**COUNT IV**

**Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 & 5 U.S.C. §§ 552(a)(2)(B)–(C), Failure to Proactively Disclose Agency Policies and Staff Instructions Related to Expedited Removal**

57.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

58.     FOIA provides that agencies must affirmatively disclose "for public inspection in an electronic format . . . those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register" and "administrative staff manuals and instructions to staff that affect a member of the public."  5 U.S.C. §§ 552(a)(2)(B)–(C).

59.     USCIS's written policies reflecting the implementation of its purported authority to place noncitizens into expedited removal are "statements of policy," and any manuals or instructions to USCIS staff detailing the circumstances and processes for placing noncitizens into expedited removal are "administrative staff manuals and instructions" that affect those placed into expedited removal, who are members of the public.  *Id.*  As such, USCIS has a duty under 5 U.S.C. § 552(a)(2) to proactively release these records to the public.

60.     ASAP requested that USCIS proactively disclose the records subject to proactive disclosure in response to each of its FOIA Requests.  *See* Ex. 1 at 4; Ex. 2 at 4–5; Ex. 3 at 6.

61.     As of the date of filing this Complaint, USCIS has not proactively disclosed any of the policies or staff instructions identified in the FOIA Requests that are subject to proactive disclosure, including all records requested in both the ER Delegation Memo FOIA Request (No. COW2025004459REQ) and the ER Policies FOIA Request (No. COW2025004892REQ), and at least some of the records identified in the Dismissals & ER Implementation FOIA Request (No. COW2025004893REQ).  *See* Ex. 4 (Screenshot of USCIS Electronic Reading Room).

20

62.    In addition to the other harms described above, *see supra* ¶¶ 21–28, ASAP members and the public are harmed by this ongoing violation because 8 U.S.C. § 1252(e)(3)(B) imposes a 60-day deadline to bring systemic legal challenges to expedited removal policies.  By withholding policies and staff instructions related to expedited removal during or beyond that period—or failing to disclose them at all—USCIS effectively forecloses or severely impedes the ability of impacted people and the public to timely challenge unlawful expedited removal policies absent equitable tolling, presenting serious due process concerns.

63.    To help ameliorate these serious due process concerns, each day that USCIS fails to proactively disclose the records that are the subject of ASAP's FOIA Requests and subject to proactive disclosure should equitably toll by one day the 60-day timeline to systemically challenge any expedited removal policies reflected therein under 8 U.S.C. § 1252(e)(3)(B).  "The FOIA imposes no limits on courts' equitable powers in enforcing its terms," *Ctr. for the Study of Servs.*, 874 F.3d at 291 (internal quotation marks omitted), and equitable tolling is required to prevent USCIS from evading judicial review by turning the statutory deadline into a tool of concealment in violation of the FOIA.

## PRAYER FOR RELIEF

WHEREFORE, ASAP respectfully requests that this Court:

(1) Assume jurisdiction over this action and maintain jurisdiction until USCIS produces the requested records and complies with every Order of this Court;

(2) Declare that USCIS's failure to grant expedited processing of the FOIA Requests violates 5 U.S.C. § 552(a)(6)(E);

(3) Preliminarily enjoin USCIS to complete expedited processing and respond to the FOIA Requests, including by promptly disclosing non-exempt requested records at no cost;

(4) Order USCIS to conduct a reasonable search for records responsive to the ER Delegation Memo FOIA Request and promptly disclose responsive non-exempt records;

(5) Declare that USCIS's failure to proactively disclose its policies and staff instructions relating to expedited removal and dismissing asylum applications is in violation of the FOIA, 5 U.S.C. § 552(a)(2), and that USCIS must proactively disclose under 5 U.S.C. § 552(a)(2) any existing and future policies, and staff instructions, reflecting USCIS's practices or processes for pursuing expedited removal against noncitizens and for dismissing asylum claims;

(6) Declare that each day of delay in proactively disclosing the expedited removal policies and staff instructions subject to ASAP's FOIA Requests and any future policies or staff instructions related to expedited removal shall equitably toll by one day the 60-day deadline to systemically challenge expedited removal policies under 8 U.S.C. § 1252(e)(3)(B) to avoid serious due process concerns;

(7) Award ASAP reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

(8) Grant such other and further relief as the Court may deem just and appropriate.

Dated: July 23, 2025

Respectfully submitted,

Jessica Hanson*
Marcela Johnson*
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S. #84810
New York, NY 10003
(646) 647-6779
jessica.hanson@asylumadvocacy.org
marcela.johnson@asylumadvocacy.org

*Motion for admission* pro hac vice forthcoming

 */s/ Elora Mukherjee*
Elora Mukherjee
MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
435 West 116th St.
New York, NY 10027
EMukherjee@law.columbia.edu
(212) 854-4291

*Attorneys for Plaintiff Asylum Seeker Advocacy Project*