# EXHIBIT 1



June 18, 2025

*Sent via Online FOIA Request & Response Service*

U.S. Citizenship and Immigration Services (USCIS)
National Records Center (NRC)
FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010

    Re:    **Expedited Freedom of Information Act Request – USCIS's Authority to Place Noncitizens in Expedited Removal**

Dear FOIA Officer:

This letter constitutes a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, submitted on behalf of Asylum Seeker Advocacy Project ("ASAP" or "Requestor"). ASAP asks that U.S. Citizenship and Immigration Services ("USCIS" or the "Agency") expedite processing of this request, proactively disclose the requested documents, and waive any fees.

    **I.**    **Request for Information**

ASAP seeks any and all memoranda or correspondence dated on or around May 3, 2025 from Department of Homeland Security ("DHS") Secretary Kristi Noem and/or any DHS official to any USCIS official(s) delegating authority to or authorizing USCIS officials to place noncitizens into Expedited Removal, *see* 8 U.S.C. § 1225(b)(1); 8 C.F.R. § 235.3(b).

    **II.**    **Request to Expedite Processing**

Requestor ASAP asks that USCIS expedite the processing of this FOIA request. Expedited processing is warranted because (1) the lack of expedited processing could pose an imminent threat to the life or physical safety of asylum seekers who may be placed into Expedited Removal pursuant to DHS's delegation of authority, (2) there is "an urgency to inform the public about an actual or alleged federal government activity" by ASAP, an organization that is "primarily engaged in disseminating information"; and (3) the FOIA request involves the "loss of substantial due process rights." 5 U.S.C. § 552(a)(6)(E)(v)(I), (II); 6 C.F.R. § 5.5(e)(1).

**First**, DHS's decision to delegate Expedited Removal authority to USCIS or to authorize USCIS officers to place noncitizens in Expedited Removal potentially deprives asylum seekers of an adequate opportunity to present their claims and leaves them imminently vulnerable to removal to

countries where their physical safety or lives are in danger.[1] *See* 6 C.F.R. § 5.5(e)(1)(i). Asylum seekers who submit Form I-589 applications likely fled oppressive regimes, death threats, and persecution in their home countries. Pursuant to DHS's seemingly new delegation of Expedited Removal authority to USCIS, however, asylum seekers have no understanding of whether they will be placed into Expedited Removal or under what authority, nor whether they will have an adequate opportunity to challenge their removal to countries where their physical safety or lives are in danger. ASAP, and the public, must immediately review records related to DHS's delegation of its Expedited Removal authority to USCIS to understand the legality and scope of the delegation and whether impacted asylum seekers could challenge the delegation or their placement into Expedited Removal. This request qualifies for expedited processing on this basis alone.

**Second,** and independently, expedited processing is warranted because this request involves "an urgency to inform the public about an actual or alleged federal government activity" by ASAP, an organization that is "primarily engaged in disseminating information[.]" 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(e)(1).

It is urgent to inform the public about this federal government activity. DHS's grant of authority to USCIS to place people, including asylum seekers, into Expedited Removal constitutes an "actual or alleged federal government activity," and it is urgent that the public be informed about this decision. *See* 6 C.F.R. § 5.5(e)(1)(ii). Upon information and belief, USCIS has already placed or imminently will place a large number of individual asylum seekers into Expedited Removal. However, without records related to the Agency's authority to do so, impacted people and the public have no understanding of the federal government's new policy, the details surrounding it, or how to challenge or request review of the Expedited Removal placement in a particular person's case or on a systemic basis.

The federal government's decision to expeditiously remove people from the United States, including people with pending asylum applications in the Executive Office for Immigration Review ("EOIR"), has garnered widespread public interest,[2] thus it is critical for the public to have a better understanding of what appears to be the USCIS corollary of the same policy. *See Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 299 (D.D.C. 2017) (concluding that "widespread media attention—including by some of the nation's most prominent news outlets" is "strong evidence of an 'urgency to inform' the public"); *see also* 6 C.F.R. § 5.5(e)(3) ("The existence of numerous articles published on a given subject can be helpful to establishing the requirement that there be an 'urgency to inform' the public on the topic"). Additionally, ASAP's members have collectively identified making the asylum system more accessible and

---

[1] *See, e.g.*, Koby Levin, *How the Trump administration uses expedited removal to fast-track deportations without court hearings*, Michigan Public, NPR, June 17, 2025, https://abcnews.go.com/US/new-tactic-ice-arresting-migrants-immigration-courts-attorneys/story?id=122513021 (explaining that expedited removal is a "fast-track process" that allows immigration officers to deport certain people without court hearings).

[2] *See id.*; Ximena Bustillo, *ICE's novel strategy allows for more arrests from inside immigration courts*, NPR, June 12, 2025, https://www.npr.org/2025/06/12/nx-s1-5409403/trump-immigration-courts-arrests; Rebecca Beitsch, *ICE moves to dismiss cases in bid to fast-track deportations after courthouse arrests*, The Hill, June 8, 2025, https://thehill.com/regulation/court-battles/5337722-ice-arrests-migrants-after-dismissal; Melissa Gomez and Rachel Uranga, *Father ripped from family as agents target immigration courts, arresting people after cases dismissed*, Los Angeles Times, May 24, 2025, https://www.latimes.com/california/story/2025-05-24/ice-agents-swarm-immigration-courts-arresting-people-after-cases-dismissed.

transparent as urgent priorities. It is urgent that records related to USCIS's authority and decision to place people, including asylum seekers, into Expedited Removal be made public.

<u>ASAP is an organization primarily engaged in disseminating information</u>. Further, Requestor is an organization "primarily engaged in disseminating information," 5 U.S.C. § 552(a)(6)(E)(v); 6 C.F.R. § 5.5(e)(1)(ii), because "information dissemination [is its] main activity," *Protect Democracy Project*, 263 F. Supp. 3d at 298 (internal quotation marks and citation omitted). ASAP is a membership organization of asylum seekers from 175 countries, now living in the U.S. ASAP members receive frequent, time-sensitive updates and resources about the immigration system and work together for change. We are a legal tech nonprofit, and all services are free. ASAP has the capacity and intent to disseminate widely the requested information to its members, the media, and the public more broadly. ASAP shares news and information about immigration law and the asylum process with members via detailed resources and news alerts on our website, https://asylumadvocacy.org, as well as through regular member-wide updates via email and text messages, and YouTube informational videos. ASAP's informational resources are collectively accessed millions of times.

Additionally, Requestor collaborates frequently with national print and news media to highlight issues impacting asylum seekers.[3] Requestor's staff will review, analyze, share, and disseminate the information obtained through this FOIA request to interested members, media outlets, and the public.[4] The above representations by organizations like ASAP establish that a requestor is "primarily engaged in disseminating information" to qualify for expedited processing. *See, e.g.*, *Protect Democracy Project*, 263 F. Supp. 3d at 298 (non-profit organization "primarily engaged in disseminating information" for purposes of its expedited processing claim where it intended "to disseminate the information obtained" and its "core mission . . . [was] to inform public understanding on operations and activities of government"); *Brennan Ctr. for Just. At NYU Sch. Of L. v. Dep't of Com.*, 498 F. Supp. 3d 87, 98 (D.D.C. 2020) ("law and public policy group that regularly writes, publishes, and disseminates information [online]" satisfied the standard (alterations omitted)).

**Third,** and independently, this FOIA request implicates the "loss of substantial due process rights." *See* 6 C.F.R. § 5.5(e)(1)(iii). Noncitizens "are entitled to due process and must be afforded

---

[3] Indeed, ASAP's work and its members have repeatedly been featured in prominent media outlets including The Washington Post, The New York Times, The Wall Street Journal, USA Today, CBS News, The Atlantic, Telemundo, Univision, The Hill, Associated Press, ABC News, and The Guardian, among others. *See, e.g.*, Astrid Galván, Monica Eng, Steph Solis, *False rumors of ICE raids spark panic in cities around U.S.*, Axios, Jan. 30, 2025, https://www.axios.com/2025/01/30/immigration-raids-misinformation-trump (quoting ASAP's co-executive director); Rafael Bernal, *Mayors ask DHS to extend migrant work permits*, The Hill, Feb. 12, 2024, https://thehill.com/latino/4463771-mayors-dhs-migrant-work-permits/ (quoting an ASAP member); Julia Preston, *'No words for the anxiety': migrants desperate for jobs trapped in US asylum maze*, The Guardian, Sept. 10, 2023, https://www.theguardian.com/us-news/2023/sep/10/us-immigration-work-permits-asylum-maze; Michelle Hackman, *Immigrants to Get Extension for Expiring or Expired U.S. Work Permits*, The Wall St. J., May 3, 2022, https://www.wsj.com/articles/immigrants-to-get-extension-for-expiring-or-expired-u-s-work-permits-11651579201.

[4] Earlier this year, ASAP filed a FOIA request for a USCIS memorandum pausing adjudication of benefits applications for hundreds of thousands of parolees, USCIS agreed to expeditiously process the request and produced the memorandum, and Requestor published the memo and information about the USCIS action on its website for its members.

the opportunity to be heard at a meaningful time and in a meaningful manner." *L.M. v. Johnson*, 150 F. Supp. 3d 202, 208 (E.D.N.Y. 2015) (internal quotation marks omitted). DHS's seeming delegation of Expedited Removal authority to USCIS implicates noncitizens'—and specifically, asylum seekers'—right to due process, as they could be placed into Expedited Removal without the appropriate authority and without an opportunity to be heard or present their claims. *See, e.g.*, *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005) ("Immigration proceedings . . . must conform to the Fifth Amendment's requirement of due process").

In sum, for the three independent bases discussed above, this request warrants expedited processing.

ASAP certifies that the above information is true and correct to the best of its knowledge. *See* 6 C.F.R. § 5.5(e)(3).

### III. Proactive Disclosure

The Requestor also seeks proactive disclosure of the requested records pursuant to 5 U.S.C. § 552(a)(2). The DHS memorandum delegating to USCIS authority to place noncitizens in Expedited Removal is a "statement[] of policy" subject to proactive disclosure under FOIA. *Id.* § 552(a)(2)(B). Further, to the extent that any of the requested agency records include (1) administrative staff manuals and instructions to staff that affect a member of the public, or (2) records that have been released to any person or has been requested at least three times, the records are independently subject to proactive public disclosure and must be produced. *See id.* §§ 552(a)(2)(C)–(D).

### IV. Request for Waiver of Costs

The Requestor asks that USCIS waive all fees associated with this FOIA request. ASAP is entitled to a fee waiver because disclosure of the requested records "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k) (records may be furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of the requestor).

#### a. Disclosure of the Information is in the Public Interest

Disclosure of the requested records will contribute significantly to the public's understanding of the Agency's change in policy and purported authority to place noncitizens in Expedited Removal. In determining whether a disclosure of information is in the public interest, the Agency considers whether: (i) the subject of the request concerns "operations or activities of the federal government"; (ii) the disclosure is likely to contribute to an increased public understanding of government operations or activities; (iii) the disclosure of the requested information will contribute to the understanding of a "reasonably broad audience of persons interested in the subject"; and (iv) disclosure is likely to contribute a "significant extent" to the public's understanding of the subject in question. 6 C.F.R. §§ 5.11(k)(2)(i)-(iv). Each of these factors is satisfied here.

4

**First**, the requested agency records pertain directly to "operations or activities of the Federal Government," 6 C.F.R. § 5.11(k)(2)(i), namely details surrounding USCIS's purported authority and decision to place noncitizens into Expedited Removal.

**Second**, disclosure of the requested agency records will contribute to an increased public understanding of the Agency's purported authority to place noncitizens into Expedited Removal, which it has never done before. *Id.* § 5.11(k)(2)(ii). To Requestor's knowledge, no Agency documents surrounding the Agency's purported authority to place noncitizens into Expedited Removal are public, thus disclosure of the requested records will contribute to the public's understanding of this troubling government activity.

**Third**, disclosure of the requested information will contribute to the understanding of a reasonably broad audience of persons interested in the subject. As discussed above, the federal government's decision to place asylum seekers into Expedited Removal in order to deport them more quickly and easily is already a matter of widespread public interest.[5] Thus, the public should have a better understanding of USCIS's purported authority and decision to place noncitizens, including asylum seekers, into Expedited Removal. Additionally, ASAP has the capacity and intent to disseminate widely the requested records directly and through its media contacts. *See* 6 C.F.R. § 5.11(k)(2)(iii) (noting that a requestor's expertise in the subject area as well as his or her ability and intention to effectively convey information to the public shall be considered when evaluating this factor).

**Fourth**, disclosure of information obtained through this FOIA will likely contribute significantly to the public's understanding of USCIS's purported authority and decision to initiate Expedited Removal for countless asylum seekers. To ASAP's knowledge, no records related to DHS's decision to delegate authority to USCIS to place people into Expedited Removal are publicly available, thus disclosure of the requested records will help shed light on USCIS's power and decision to place affirmative asylum seekers into Expedited Removal and give the public a better understanding of the same.

### b. Disclosure of the Information is Not in the Requestor's Commercial Interest

Requestor is a 501(c)(3) nonprofit membership organization. Requestor seeks the requested information for the purpose of educating our members and the public—not for the purpose of commercial gain. Requestor will also use the information obtained to inform our organizational materials and guidance, as ASAP provides free resources to asylum seekers across the United States. As such, a waiver of fees is especially warranted given that "Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (internal quotation marks and citation omitted).

If the full fee waiver is not granted, however, ASAP requests a limitation of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II). Further, if no fee waiver is granted and the anticipated costs associated with this request exceed $25.00, please notify Requestor to obtain consent and provide an estimate of the additional fees before processing this request.

---

[5] *See supra* n.4.

V.    **Conclusion**

Thank you for your consideration of this request. Without waiving any other appeal rights, Requestor reserves the right to appeal a constructive denial of this request as well as decisions to withhold information or deny a fee waiver, limitation of processing fees, or expedited processing. Requestor also reserves the right to challenge the adequacy of the search for responsive documents, as well as any redactions in the records produced in response to this request.

If you have any questions regarding this request, please contact us at the email address listed in the signature block below.

Sincerely,

*Jessica Hanson*
Zachary Manfredi
Jessica Hanson
Marcela Johnson
Juan Bedoya
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S., #84810
New York, NY 10003-1502
(646) 647-6779
foia@asylumadvocacy.org